IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

United States of America

   v.          Case No. 1:23-CR-60-JMC

William Keen

**Defendant's Sentencing Position**

  Mr. Keen requests the court sentence him to a period of probation—a sentence sufficient, but not greater than necessary to accomplish the purposes of punishment. Though the events of January 6 have scarred the country, Mr. Keen's roll in the offense was about as minor as can be for someone who entered the Capitol building. Additionally, Mr. Keen is in the most stable position he has been in his recent life. He has a stable residence after enduring a period of homelessness. He has a successful business about which he is passionate. He is working to gain full custody of his children. He is working to put January 6 behind him—he neither endorses nor celebrates any of the conduct that day nor the conspiracies that fomented it. No purpose of punishment is served by a period of incarceration that cannot also be accomplished by a period of probation. And probation will not have the devastating consequences of upending a man's life that was recently just put back on track.

  Mr. Keen's only scoring criminal conviction is for marijuana possession. His only other non-scoring criminal offense is from 2007 and was for failing to maintain automobile insurance. Both of these crimes were entirely related to Mr. Keen's poverty. His marijuana conviction stemmed from an automobile stop because his brake lights were not properly functioning, and his insurance conviction was a result of a stop for not having a working headlight. Had Mr. Keen had sufficient funds to have entirely functioning vehicles, he likely would not have any record of any convictions. Equally important, marijuana

convictions, though scoring, ought to be considered with great hesitance given the country's current move toward decriminalizing the substance and the President's recent move to pardon people convicted of simple possession of marijuana under federal law. *See* President Joseph R. Biden Jr., *A Proclamation on Granting Pardon for the Offense of Simple Possession of Marijuana, Attempted Simple Possession of Marijuana, or Use of Marijuana*, December 22, 2023 *available at* https://www.whitehouse.gov/briefing-room/presidential-actions/2023/12/22/a-proclamation-on-granting-pardon-for-the-offense-of-simple-possession-of-marijuana-attempted-simple-possession-of-marijuana-or-use-of-marijuana/. All of Mr. Keen's other interactions with law enforcement resulted in charges being dismissed. Of note, even his conduct there is minimal compared to much of what the court sees. For example, it appears that Mr. Keen has only once been stopped for driving in an unsafe manner—and that was for driving slowly. Each other time was for an equipment malfunction or for expired tags—which were subsequently remedied by Mr. Keen.

      Mr. Keen had a relatively simple early life, though one not marked by any significant periods of joy. His family moved often, which made it difficult for him to create significant bonds with others. The concept of an old childhood friend is not one that Mr. Keen has the luxury of experiencing. His mother had a serious addiction to alcohol, and Mr. Keen struggles to think of a time when she was sober during his youth. His mother passed away in 2007, but Mr. Keen still maintains a good relationship with his father and stepmother.

      The greatest struggle of Mr. Keen's life has been the loss of custody of his children. In 2017, Mr. Keen's life spiraled into misery. Child Protective Services removed his children from the home after investigating Mr. Keen and his wife for neglect. Mr. Keen then divorced his wife and was homeless for several years. Mr. Keen regrets deeply that he was not in a position to care for his children during that time—but he worked to overcome that

hardship. He is now steadily working and devoted to being able to care for his children. The prospect of incarceration haunts him, because he knows that it will undo (at least partly) some of the progress he has made.

  Mr. Keen's loss of his children and period of despair is not just mitigating but helps to explain why Mr. Keen came to Washington on January 6. At the time, he was struggling deeply, still homeless but about to finally obtain his own residence. His children were removed from his care. His two marriages ended—neither in a healthy manner. In short, he was in a position where he was particularly susceptible to the conspiracies peddled by the former president and some of his supporters. *See* Christine Emba, The Washington Post, *Men are lost. Here's a map out of the wilderness*, July 10, 2023 *available at* https://www.washingtonpost.com/opinions/2023/07/10/christine-emba-masculinity-new-model/. Mr. Keen, fortunately, did not turn to drugs or alcohol, nor did he engage in self-harming behaviors during his period of despair, like so many impoverished men living in relatively rural areas. *See* Elisabet Beseran et. al, *Deaths of Despair: A scoping Review on the Social Determinants of Drug Overdose, Alcohol-Related Liver Disease, and Suicide*, Int. J. Environmental Research and Public Health, Oct. 2022 *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC9566538/#; *see also*, The Economist, *The deaths-of-despair narrative is out of date*, Dec. 23 2023 *available at* https://www.economist.com/united-states/2023/12/23/the-deaths-of-despair-narrative-is-out-of-date.

  It is likely, though, that Mr. Keen's despair contributed to his finding some comfort in the rage-filled lies that the election had been stollen. *See* APA, *Why some people are willing to believe conspiracy theories*, June 26, 2023 *available at* https://www.apa.org/news/press-releases/2023/06/why-people-believe-conspiracy-theories

("many turn to conspiracy theories to fulfill deprived motivational needs and make sense of distress and impairment"). But Mr. Keen did not come to Washington to attack the Capitol, the vice president, to disrupt the electoral count, or to engage in any violence. He did not come armed with any weapons or makeshift weapons. he did not pick up weapons or damage the capitol. He did not steal any items from the capitol. He largely walked around and recorded events on his cellphone. He did not push at police lines on the west front of the building—the scene of most of the violence that occurred. Instead, he walked inside the building when hundreds were doing so and when largely were forced to condone their presence.

Though the guidelines do not recommend a sentence in this case, several provisions are instructive. First, Mr. Keen likely would qualify for a minimal or minor roll adjustment given the minor nature of his conduct compared to others. Second, the guidelines also recognize "the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense." *See* U.S.S.G. 1A.4(d). Though Mr. Keen is not technically a "first offender," his marijuana and driving convictions are of a different category than most criminal offenses. And though January 6 itself was serious, the offenses that Mr. Keen was charged with are peaceful and minor—so minor that the sentencing guidelines do not apply.

Mr. Keen does not pose a danger to the community such that incarceration is necessary. He has not celebrated January 6 or spouted any of the lies or falsehoods peddled by many others who breached the Capitol. He instead started a business and felt shame for his conduct—so much shame that he did not share his attendance that day with his parents. He is someone who can be adequately punished for his conduct with a period of probation and an order to pay restitution. Each purpose of punishment can be accomplished

sufficiently with such a sentence. As such, imprisonment is not necessary, and as a result, should not be ordered under 18 U.S.C. 3553(a).

      Respectfully submitted,

      /s/ Benjamin Schiffelbein

      Counsel for Mr. Keen
      Assistant Federal Public Defender
      210 First Street SW, Ste 400
      Roanoke, VA 24011
      Benjamin_Schiffelbein@fd.org
      540 777 0880